UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ACLARIS THERAPEUTICS, INC. DERIVATIVE LITIGATION | Lead Case No. 1:19-cv-10641-LJL |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter came before the Court for a hearing on August 17, 2021. Derivative Plaintiffs[1] have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of stockholder derivative claims brought on behalf of Aclaris, in accordance with the Stipulation and Agreement of Settlement dated July 29, 2021 (the "Stipulation"); (ii) approving the form and manner of the notice of the Settlement; and (iii) setting a date for the Settlement Hearing.[2]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to a proposed Settlement and dismissal with prejudice of the above-captioned stockholder derivative action brought on behalf of Aclaris ("Derivative Action"), and resolution of Celeste Piper's factually-related document inspection demand brought pursuant to title 8, section 220 of the Delaware General Corporation Law Code (the "Inspection Demand");

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Stockholder Derivative Settlement together with the accompanying

---

[1] "Derivative Plaintiffs" refers to plaintiffs Keith Allred and Bruce Brown in the above-captioned consolidated stockholder derivative action. Derivative Plaintiffs, together with Celeste Piper (who has a pending inspection demand with Aclaris Therapeutics, Inc. ("Aclaris" or the "Company")), are collectively referred to as "Plaintiffs."

[2] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Settling Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Aclaris and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Aclaris stockholders should be apprised of the Settlement through the proposed form and means of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court, for purposes of this order ("Preliminary Approval Order"), adopts the definitions set forth in the Stipulation.

2. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3. A hearing shall be held on __November 30__, 2021 at __11__ a.m., before the Honorable Lewis J. Liman, at the U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the form of the notice of the Settlement and means of dissemination of the notice of the Settlement fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil

- 3 -

Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount as well as the Service Awards should be approved; and (v) such other matters as the Court may deem appropriate.

4. The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5. Within ten (10) calendar days after the entry of this Preliminary Approval Order, Aclaris shall: (i) issue the Notice of Pendency and Proposed Settlement of Stockholder Derivative Action ("Notice") via a press release on GlobeNewswire or PR Newswire; (ii) file with the U.S. Securities and Exchange Commission ("SEC") the Notice and Stipulation as exhibits to a Form 8-K; and (iii) post the Notice and the Stipulation on the Investor Overview page of Aclaris' corporate website. The Notice will contain a link to the page of Aclaris' corporate website where the Notice and Stipulation will be posted, which posting will be maintained through the date of the Settlement Hearing.

6. All costs incurred in the publication, filing and posting of the notice of the Settlement shall be paid by Aclaris, and Aclaris shall undertake all administrative responsibility for the publication, filing and posting of the notice of the Settlement.

7. At least twenty-one (21) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, publishing, and posting the notice of the Settlement as provided for in paragraph 5 of this Preliminary Approval Order.

8. All Current Aclaris Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to Current Aclaris Stockholders.

9. Neither the Stipulation nor the Settlement, including any Exhibits attached thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be offered, attempted to be offered or used in any way as a concession, admission or evidence of the validity of any Released Claims, or of any fault, wrongdoing or liability of the Released Persons or Aclaris; or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of any liability, fault or omission of any of the Released Persons or Aclaris in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum. Neither this Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation, the Court approval order, and/or the Judgement in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Pending final determination of whether the Settlement should be approved, Plaintiffs and Current Aclaris Stockholders shall not commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

11. Any stockholder of Aclaris common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or Service Awards should not be awarded. However, no Aclaris stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that Aclaris stockholder has caused to be filed, and served on counsel as noted below, written objections stating all supporting bases and reasons for the objection, and setting forth proof, including documentary evidence, of current ownership of Aclaris stock and ownership of Aclaris stock as of July 29, 2021, and setting forth the identities of any cases, by name, court, and docket number, in which the objector or his, or, or its attorney has objected to a settlement in the last three years.

12. At least fourteen (14) calendar days prior to the Settlement Hearing set for _November 30_ , 2021, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007 and serve such materials by that date, to each of the following Settling Parties' counsel:

*Counsel for Plaintiffs:*

THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
E-mail: pkim@rosenlegal.com

THE BROWN LAW FIRM, P.C.
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204

*Counsel for Defendants:*

KATTEN MUCHIN ROSENMAN LLP
Bruce G. Vanyo
Thomas Artaki
575 Madison Avenue
New York, NY 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776
E-mail: bruce@katten.com
thomas.artaki@katten.com

MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
Jason C. Vigna

E-mail: tbrown@thebrownlawfirm.net

*Co-Lead Counsel for Derivative Plaintiffs*

ROBBINS LLP
Kevin A. Seely
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: kseely@robbinsllp.com

*Counsel for Stockholder Celeste Piper*

666 3rd Avenue
New York, NY 10017
Telephone: (212) 935-3000
Facsimile: (212) 983-3115
E-mail: JVigna@mintz.com

13. Only stockholders who have filed with the Court and sent to the Settling Parties' counsel valid and timely written notices of objection will be entitled to be heard at the hearing unless the Court orders otherwise.

14. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and Service Awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

15. Plaintiffs shall file their motion for final approval of the Settlement at least twenty-one (21) calendar days prior to the Settlement Hearing. If there is any objection to the Settlement, Plaintiffs shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

16. All proceedings in this Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Stipulation.

17. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to stockholders.

- 7 -

18. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

19. The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to Aclaris stockholders; (ii) the right to continue or adjourn the Settlement Hearing from time to time or by oral announcement at the hearing or at any adjournment thereof, without further notice to Aclaris stockholders; (iii) and the right to hold the Settlement Hearing telephonically or by videoconference without further notice to Aclaris stockholders. Any Aclaris stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the Investor Overview page of Aclaris' corporate website for any change in date, time or format of the Settlement Hearing. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED:
8/18/2021

HONORABLE LEWIS J. LIMAN
U.S. DISTRICT JUDGE